UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SIDNEY HALL JR ET AL                         CIVIL ACTION NO. 25-cv-1251

VERSUS                                       JUDGE S. MAURICE HICKS, JR.

ASPLUNDH TREE EXPERT, LLC, ET AL             MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

  Sidney Hall, Jr., Julie Hall, John Myers, and Nancy Myers filed this civil action in state court against Asplundh Tree Expert, LLC and Prado Carrete Rosendo. Asplundh removed the case based on an assertion of diversity jurisdiction, which puts the burden on it to set forth specific allegations that show complete diversity of citizenship and an amount in controversy in excess of $75,000. More information is needed with regard to the citizenship of Asplundh if it is to meet its burden and remain in federal court.

  Asplundh filed a Rule 7.1 Disclosure Statement in an attempt to set forth its citizenship. It alleged that it is a Pennsylvania limited liability company with four members. It identified the citizenship of three of the members. The fourth member, CP Arbor Holdings, LP, was alleged to have three partners, "all of which are limited partnerships formed under the laws of the State of Delaware." Asplundh does not identify the partners of these partnerships but merely alleges that none of the partners are domiciled in Louisiana.

  The citizenship of an LLC such as Asplundh is determined by the citizenship of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the

members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

If a relevant entity, such as the partners of CP Arbor Holdings, LP, is a partnership, then all of its partners—both general and limited—must be identified and their citizenship alleged. Whalen v. Carter, 954 F.2d 1087, 1095 (5th Cir. 1994). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017).

It is not sufficient to allege that CP Arbor Holdings has three members that are limited partnerships and that "[n]one of the partners within these three entities are domiciled in the State of Louisiana." Mullins v. TestAmerica Inc., 300 Fed. Appx. 259, 260 (5th Cir. 2008) (party's stated belief that none of the entities had members and partners in Texas "falls manifestly short of distinctly and affirmatively alleging [a partnership's] citizenship"). The court has seen quite a few cases where a party alleged that none of the unidentified members/partners/parties were citizens of Louisiana, but it was determined that the allegation was incorrect after the court pressed the party to allege the citizenship of each relevant person or entity with specificity in accordance with the applicable rules.

The relevant times for assessing the members of Asplundh (and the relevant partnerships) are (1) when the state court petition was filed {July 24, 2025} *and* (2) the

time of removal {August 28, 2025}.  Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996) ("In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.").  The current disclosure statement speaks only to the time of filing.  This is not a significant issue in many diversity cases, but when there are multiple limited partners, with the potential for frequent transfers of partnerships interests, it can be critical, so specificity of membership/partnership at the relevant times is required to ensure subject matter jurisdiction.

**Asplundh will be allowed until November 6, 2025 to file an amended Diversity Jurisdiction Disclosure Statement** that complies with the rules outlined above.  Sometimes this obligation, when it comes to complex entities, is impossible or too burdensome to satisfy.  Moran v. Gulf South Pipeline Co., LP, 2007 WL 276196 (W.D. La. 2007) (collecting cases that required specificity of limited partners despite there being thousands of them or their interests being minuscule); Masion v. Liberty Mut. Ins. Co., 2006 WL 1675378 (W.D. La. 2006) (requiring specificity even though partnership shares were publicly traded and identities of owners changed often based on trades).  If that is the case, Asplundh may notify the court that it is unable to satisfy its burden of establishing diversity jurisdiction, and the court will enter an order of remand.  That is what happened in a similar case just last week.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of October, 2025.

_____
Mark L. Hornsby
U.S. Magistrate Judge